IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT J. SORRELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-83-WHA |
| ) | |
| GREG JACKSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Albert J. Sorrells, an indigent inmate, in which he challenges the constitutionality of the search of his vehicle and his arrest on October 4, 2016 by Greg Jackson, a member of the 22nd Judicial Circuit Drug Task Force. Sorrells also names as defendants Nurse Wanda Pratt and Nurse Diane (last name unknown), both of whom are employed by the Covington County Jail. Yet he presents no allegations of any kind against these individuals beyond identifying them by name, occupation, and employer.[1]

There is no claim that the nurses had any involvement in the substance of Sorrells' lawsuit—his arrest following the search of his car. If Sorrells seeks to present claims with respect to medical treatment provided to him at the Covington County Jail, he should do so by filing a separate 42 U.S.C. § 1983 action. This is because any such claims are wholly unrelated to, and have no common question of law or fact with, the false arrest and illegal search claims presented

---

[1] The court granted Sorrells leave to proceed *in forma pauperis* in this action. Doc 3. Thus, the court is permitted to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and summarily dismiss the complaint or any portion thereof for various deficiencies, including frivolity, maliciousness or failure to state a claim.

against defendant Jackson. *See Smith v. Conner*, 2012 WL 1676643, at *1 (M.D. Fla. May 14, 2012) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)) ("The claims, of course, cannot be completely unrelated; allowing someone to bring unrelated claims against multiple defendants in a single lawsuit would not only create the 'sort of morass [a multiple claim, multiple defendant] suit produce[s],' but also allow him to circumvent the requirement 'that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.'"); Fed.R.Civ.P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is presented against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Accordingly, it is the recommendation of the Magistrate Judge that:

1. Nurse Wanda Pratt and Nurse Diane be DISMISSED as defendants in this cause of action, and that this dismissal be WITHOUT PREJUDICE to the rights of the plaintiff to file a separate civil action against these individuals regarding the constitutionality of medical treatment provided to him.

2. This case be referred back to the undersigned for further proceedings on the plaintiff's claims against Defendant Greg Jackson.

The plaintiff may file objections to the Recommendation on or before **March 7, 2017.** The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo*

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of February, 2017.

      /s/    Gray M. Borden
UNITED STATES MAGISTRATE JUDGE