IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT J. SORRELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-83-WHA |
| | ) | [WO] |
| GREG JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Albert J. Sorrells, an indigent inmate. In his complaint, Sorrells challenges the constitutionality of a search of his vehicle, the later search of his truck at a separate location, and his arrest on October 4, 2016 by Greg Jackson, a member of the 22nd Judicial Circuit Drug Task Force.

On June 14, 2017, the court entered an order requiring Sorrells to provide the court with information necessary for the adjudication of the claims pending in this case. Doc. 17. Sorrells failed to file a response to this order within the time provided by the court. The court therefore entered an order providing "that on or before July 31, 2017 the plaintiff shall (i) show cause why he has failed to file a response to the order entered on June 14, 2017 (Doc. No. 17), and (ii) file the requisite response." Doc. 18. The court specifically cautioned Sorrells "that if he fails to file a response to this order the

undersigned will recommend that this case be dismissed for such failure." Doc. 18. As of the present date, Sorrells has filed no response to the aforementioned orders.

In light of Sorrells' failure to file responses to the orders of this court, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned). In so concluding, the court has considered whether a measure less drastic than dismissal would be appropriate, but concludes that any lesser sanction is not likely to bring Sorrells into compliance in light of his complete failure to participate in the prosecution of this action since its inception. In addition, Sorrells' inaction in the face of the special report filed by defendants (Doc. 12), which raises potentially meritorious defenses to Sorrells' claims, indicates an abandonment of this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of Plaintiff to file responses to the orders of this court.

The parties may file objections to the Recommendation on or before **August 23, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which an objection is made. Frivolous, conclusive, or general objections by a party will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of

2

28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE